UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALLEY NATIONAL BANK, | No. 2:21-cv-01285-DJC-CKD |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |
| J H B TRUCKING INC, | |
| Defendant. | |

Plaintiff moves for summary judgment on its claim for breach of contract. Defendant argues that summary judgment is inappropriate for substantive and procedural reasons. The Court disagrees, finding that there is no genuine dispute of material fact. Accordingly, for the reasons set forth below, the Court GRANTS Plaintiff's Motion for Summary Judgment.

**BACKGROUND**

The Court need not recount all background facts set forth in its prior order. (*See* August 23, 2022 Order, ECF No. 32.) Instead, the Court states the facts necessary to reach its decision, which unless noted are undisputed. (*See* Plaintiff's Separate Statement of Undisputed Material Facts, ECF No. 36-2; Defendant's Separate Statement of Genuine Disputes of Material Fact, ECF No. 42.)

Plaintiff Valley National Bank is a national banking association that, through its

1  division Agile, provides loans to businesses for purchasing insurance policies.
2  (Przespolewski Decl. ¶ 4, ECF No. 36-4.) Defendant J H B Trucking Inc. is a trucking
3  business. (*Id.* ¶ 5.) Plaintiff and Defendant entered into a Commercial Insurance
4  Premium Finance Agreement and Disclosure Statement ("the PFA"), through which
5  Plaintiff loaned the principal amount of $288,000 to Defendant for Defendant to
6  purchase insurance. (*Id.* ¶ 8, Ex. 1.) Under the PFA, Global Hawk Insurance Company
7  Risk Retention Group ("Global Hawk") provided insurance to Defendant. (*Id.* Ex. 1.)
8  Defendant agreed to repay the loan in monthly payments to Plaintiff. (*Id.*) The PFA
9  provided if Defendant did not make a monthly payment and thereby defaulted,
10 Plaintiff could then "demand agreement be paid in full." (*Id.*) Moreover, under the
11 agreement, Plaintiff was not "liable for any loss or damage to the Insured or any other
12 person or company resulting from the cancellation of financed policies except in the
13 event of willful or intentional misconduct by Agile Premium Finance." (*Id.*) The PFA
14 also stated that it was "governed by and interpreted in accordance with the laws of the
15 state of the Insured's address of record," and it listed Defendant's address as being in
16 California. (*Id.*)
17        Upon entering the PFA, Plaintiff loaned Defendant the full principal amount,
18 and Defendant agreed to repay Plaintiff, inclusive of principal and finances charges,
19 the total amount of $297,656.50 in ten monthly installment payments. (Przespolewski
20 Decl. ¶ 12.) Defendant made two payments, but after Global Hawk went out of
21 business Defendant failed to make any further installment payments as required by
22 the PFA. (*Id.* ¶¶ 14, 18, Ex. 2.)
23        Plaintiff brought its complaint with two causes of action: (1) breach of contract
24 and (2) implied-in-fact contract. (Compl. ¶¶ 26–41, ECF No. 1.) Defendant then
25 brought three counterclaims against Plaintiff, including breach of contract.
26 (Defendant's Counterclaim and Third-Party Complaint ¶¶ 9–35, ECF No. 13.)
27 Simultaneously, Defendant brought six claims against Third-Party Defendants MST
28 Insurance Services Inc. and Global Century Insurance Brokers, Inc., who were the

brokers for the PSF.  (*Id.* at 1, ¶¶ 3-4, 10.)  Upon Plaintiff's motion, this Court dismissed all three of Defendant's counterclaims against Plaintiff.  (*See* August 23, 2022 Order.)

Plaintiff now moves for summary judgment on its breach of contract claim, stating that should the Court grant its motion, its implied-in-fact contract claim can be dismissed.  (*See* Mot. for Summary Judgment at 10, ECF No. 36-1.)  The matter is fully briefed and was submitted without oral argument pursuant to Local Rule 230(g).  (ECF No. 46.)

## LEGAL STANDARD

Summary judgment is appropriate when the record, read in the light most favorable to the non-moving party, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute of fact exists only if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

It is not a court's task "to scour the record in search of a genuine issue of triable fact."  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (internal citation omitted).  Rather, a court is entitled to rely on the nonmoving party to "identify with reasonable particularity the evidence that precludes summary judgment."  *See id.* (internal citation omitted).

## DISCUSSION

### I. Breach of Contract

California law applies to this action.  In addition to the PFA requiring it, *see* Przespolewski Decl. Ex. 1, the Ninth Circuit held that district courts sitting in diversity jurisdiction should apply "the law that would be applied by state courts in the State in which the federal diversity court sits."  *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001).  Neither party suggests that California law does not apply.

3

1  In California, to establish a claim for breach of contract, a plaintiff must show:
2  "(1) the existence of the contract, (2) the plaintiff's performance or excuse for
3  nonperformance, (3) the defendant's breach, and (4) resulting damages to the
4  plaintiff." *Maxwell v. Dolezal*, 231 Cal. App. 4th 93, 97–98 (2014).  As outlined above
5  in the Court's review of the undisputed facts, Plaintiff has provided evidence
6  supporting each of these material elements.[1]  Plaintiff and Defendant entered a
7  contract. (Przespolewski Decl. ¶ 8, Ex. 1.)  Plaintiff performed by loaning the full
8  principal amount to Defendant. (*Id.* ¶ 11.)  Defendant then breached by failing to
9  make the monthly payments required under the PFA. (*Id.* ¶ 19.)  Plaintiff was thereby
10 damaged because it has not received the amount it is owed under the PFA.

11  Defendant offers no evidence disputing any of these elements.  Instead, it
12 presents two arguments as to why the Court should dismiss Plaintiff's motion.  First,
13 Defendant argues that Plaintiff and Third-Party Defendants "acting in concert,
14 breached the PFA with defendant by obtaining a worthless insurance policy for
15 defendant to enter." (*See* Opp'n at 3, ECF No. 41.)  These allegations were at the
16 center of Defendant's counterclaims, which the Court dismissed.  The Court
17 concluded that Defendant did not allege "sufficient facts to establish an agency
18 relationship" between Plaintiff and Third-Party Defendants, nor did Defendant
19 plausibly state that these parties conspired against Defendant. (*See* August 23, 2022
20 Order at 6–7.)

21  Defendant offers no evidence that Plaintiff and Third-Party Defendants acted in
22 concert, nor does it adequately explain why that would excuse its non-performance
23 under the PFA.  Instead, Defendant argues that "if the allegations of defendant were
24 to be accepted as true, specifically that [Plaintiff] and [Third-Party Defendants] acted in
25 concert to fraudulently assign a worthless insurance policy to defendant, then the

---

[1] The Court may rely on Przespolewski's sworn declaration in granting summary judgment.  *See* Fed. R. Civ. P. 56(c)(4); *Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992) (holding that an affidavit could be considered on summary judgment because the facts underlying the affidavit were of the type that would be admissible evidence even though the affidavit itself might not be admissible).

4

1  provision of the PFA which [Plaintiff] relies upon could be revoked under varying legal
2  doctrines, such as unconscionability or fraud." (*See* Opp'n at 3–4.)  But that is the
3  standard for a motion to dismiss.  To survive summary judgment, Defendant would
4  have to show that "there is sufficient evidence favoring the nonmoving party for a jury
5  to return a verdict for that party." *See Anderson*, 477 U.S. at 249.  Defendant offers no
6  evidence for a jury to find that Defendant was excused from performance.  As such,
7  this argument fails.
8      Second, Defendant argues that summary judgment is inappropriate because it
9  has not yet deposed Plaintiff's "person most knowledgeable to determine the extent
10 of the relationship between" Plaintiff and Third-Party Defendants.  (*See* Opp'n at 4.)
11 To support this position, Defendant cites Federal Rule of Civil Procedure 56(f).  (*Id.*)
12 As Plaintiff points out, Defendant likely meant to cite Rule 56(d), which contains the
13 rule formerly stated in 56(f).  (*See* Reply at 5, ECF No. 45.)  Rule 56(d) provides, "If a
14 nonmovant shows by affidavit or declaration that, for specified reasons, it cannot
15 present facts essential to justify its opposition, the court may: (1) defer considering the
16 motion or deny it; (2) allow time to obtain affidavits or declarations or to take
17 discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).  To satisfy
18 this Rule, the requesting party must show: "(1) it has set forth in affidavit form the
19 specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3)
20 the sought-after facts are essential to oppose summary judgment." *Fam. Home & Fin.*
21 *Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).
22     As an initial matter, the Court need not consider this argument because
23 Defendant fails to satisfy the requirements of Rule 56(d).  "References in memoranda
24 and declarations to a need for discovery" are insufficient under Rule 56(d), which
25 "requires affidavits setting forth the particular facts expected from the movant's
26 discovery. Failure to comply with the requirements of Rule [56(d)] is a proper ground
27 for denying discovery and proceeding to summary judgment." *Brae Transp., Inc. v.*
28 *Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986).  Because Defendant did not

5

submit an affidavit or declaration, it failed to comply with the requirements of Rule 56(d). As such, the Court may deny its request and proceed to summary judgment. *See id.*

But even if Defendant submitted a sworn statement that laid out the reasoning in its opposition, it still would not satisfy Rule 56(d) because it does not explain what facts "exist" regarding a conspiracy between Plaintiff and Third-Party Defendants. *See Fam. Home & Fin. Ctr., Inc.*, 525 F.3d at 827. It has not presented any evidence suggesting that these parties conspired. Moreover, Defendant has not served a deposition notice or any written discovery on Plaintiff. (*See* Cadoppi Decl. ¶¶ 2-3, ECF No. 45-2.) Defendant thus "cannot complain if it fails to pursue discovery diligently before summary judgment." *See Brae Transp., Inc.*, 790 F.2d at 1443 (internal citation omitted). As such, the Court rejects this argument.

Because the Court is entitled to rely on Defendant to "identify with reasonable particularity the evidence that precludes summary judgment," it need not "scour the record" for other evidence creating a genuine dispute. *See Keenan v. Allan*, 91 F.3d at 1279 (internal citation omitted). Accordingly, Plaintiff "is entitled to judgment as a matter of law." *See Celotex Corp.*, 477 U.S. at 323.

## II.     Amount Owed

Having concluded that Plaintiff is entitled to summary judgment, the Court needs to determine the amount it is owed. Plaintiff states that through November 14, 2022—the day it filed the present motion—the amount due under the PFA was $262,696.89, excluding legal fees and other collection costs. (*See* Mot. at 10; Przespolewski Decl. ¶¶ 20-31.) Plaintiff requested that judgment "include interest at the rate provided in the PFA (per diem rate of $64.16) from November 15, 2022 through the date of the entry of judgment." (*See* Mot. at 10.) Defendant does not address this issue.

The PFA provides, "In cases of default Agile Premium Finance may charge interest on the outstanding principal balance at the maximum rate permitted by the

law from the date of the default until the balance is paid in full." (Przespolewski Decl. Ex. 1.) For the time following default (when the loan matured), Plaintiff seeks to increase the interest rate from 7.25 percent to 10.25 percent. (*Id.* ¶ 28.) Plaintiff argues that default interest is appropriate because of the expenses incurred with collecting its debt. (*Id.* ¶ 31.) Plaintiff represents that an increase of 3 percent is on the low side of industry practice. (*Id.* ¶ 34.)

"[A]mounts in default may bear a higher interest rate from the date of the default." *Garrett v. Coast & S. Fed. Sav. & Loan Assn.*, 9 Cal. 3d 731, 736 (1973). Moreover, "interest payments on overdue commercial accounts are not subject to the usury law," which limit interest rates to 10 percent. *See Sw. Concrete Prods. v. Gosh Constr. Corp.*, 51 Cal. 3d 701, 704 (1990); Cal. Const. art. XV, § 1. Based on these rules, the California Supreme Court upheld a default interest rate of 18 percent. *See Sw. Concrete Prods.*, 51 Cal. 3d at 706. Other courts in this Circuit have upheld default interest rate increases exceeding 3 percent. *See East West Bank v. Altadena Lincoln Crossing, LLC*, 598 B.R. 633 (C.D. Cal. 2019) (enforcing a default interest provision of 5 percent); *In re 3MB, LLC*, 609 B.R. 841 (Bankr. E.D. Cal. 2019) (enforcing a default interest provision of 4 percent).

Here, the Court holds that a 3 percent increase for default interest is permitted by California law and therefore the PFA. Finding good cause to apply default interest, and because Defendant does not object, the Court applies Plaintiff's requested default interest and calculates the amount owed accordingly. Plaintiff correctly calculates that the per diem at the 10.25 percent rate is $64.16. (Przespolewski Decl. ¶ 29, Ex. 4). As of March 19, 2025, it has been 855 days since Plaintiff brought this motion. Using the $64.16 per diem rate, Plaintiff is therefore entitled to $54,856.80 of interest while this motion has been pending. Finally, adding this amount to the $262,696.89 that Plaintiff was owed at the time it filed this motion, Plaintiff is entitled to a total amount of $317,553.69.

**CONCLUSION**

For the reasons set forth above, the Court holds that there is no genuine dispute of material fact as to Plaintiff's claim for breach of contract. Accordingly, the Court GRANTS Plaintiff's Motion for Summary Judgment (ECF No. 36). Upon Plaintiff's motion, the Court dismisses Plaintiff's claim for implied-in-fact contract. (*See* Mot. at 10.) Defendant shall pay Plaintiff in the amount of $317,553.69. As requested in its motion, Plaintiff may bring a motion for attorney's fees. (*See id.*)

IT IS SO ORDERED.

Dated:   **March 19, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE