UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JHB TRUCKING, INC.,

                Plaintiff,

v.

MST INSURANCE SERVICES, INC.,

                Defendant.

No. 2:21-cv-01285-DJC-JDP

ORDER

In May 2025, Plaintiff Valley National Bank obtained a judgment against Defendant JHB Trucking, Inc., for breach of contract of an underlying finance agreement. Plaintiff now moves for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d)(2). (Mot. (ECF No. 65).) As explained below, the Motion is GRANTED in part and DENIED in part.

////
////
////
////
////
////

1

**BACKGROUND**

Plaintiff Valley National Bank ("Plaintiff"), a provider of insurance premium financing, initiated this action against Defendant JHB Trucking, Inc. ("Defendant") on July 21, 2021, alleging breach of contract and breach of implied-in-fact contract. (*See generally* Compl. (ECF No. 1).) According to the Complaint, the parties signed a finance agreement in which Plaintiff agreed to provide premium financing in exchange for Defendant's timely payments on the loan. (*See generally id.*) Subsequently, Plaintiff moved for summary judgment, which the Court granted as to the breach of contract claim. (MSJ Order (ECF No. 50).) Pursuant to Plaintiff's request, the Court dismissed the remaining implied-in-fact contract claim. (*Id.* at 8.) On May 23, 2025, judgment was entered against Defendant in the amount of $317,553.69. (Judgment (ECF No. 62).)

Plaintiff now moves for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d)(2). (Mot. (ECF No. 65.) Defendant filed an Opposition and Plaintiff filed a Reply. (Opp'n (ECF No. 75); Reply (ECF No. 76).) On December 1, 2025, the Court granted Defendant leave to file an optional Sur-Reply. (ECF No. 77.) Defendant filed a Sur-Reply on December 8, 2025. (Sur-Reply (ECF No. 78).) Briefing is now complete. The Court took the matter under submission pursuant to Local Rule 230(g). (ECF No. 77.)

**LEGAL STANDARD**

Federal district courts sitting in diversity apply the substantive law of the state in which the court is located. *See First Intercontinental Bank v. Ahn*, 798 F.3d 1149, 1153 (9th Cir. 2015). Here, California substantive law governs as this matter involves contract law.

In California, "[u]nder the American rule, each party to a lawsuit ordinarily pays its own attorney fees." *Mountain Air Enters. LLC v. Sundowner Towers, LLC*, 3 Cal. 5th 744, 751 (2017). Parties can contract out of this general rule and agree that if litigation ensues, the prevailing party will be awarded attorneys' fees. *Id.* (citing Cal. Civ. Proc.

Code § 1021). Thus, when presented with a motion for attorneys' fees, the court must determine whether the parties made such an agreement. *R.W.L. Enters. v. Oldcastle, Inc.*, 17 Cal. App. 5th 1019, 1025 (2017) (citing *Mountain Air*, 3 Cal. 5th at 752).

If the court finds such an agreement, it must determine the appropriate amount of attorneys' fees to award the prevailing party. In performing this task, California courts use the lodestar approach: multiplying the number of hours reasonably expended by a reasonable hourly rate. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). To determine whether the number of hours is reasonable, the court considers a number of factors, including "the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1096 (2000) (citations omitted). A reasonable hourly rate is "that prevailing in the community for similar work." *Id.* at 1095. Generally, the relevant community is the one "in which the district court sits." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995) (citation omitted). The court may also adjust the lodestar rate upward or downward to account for the unique circumstances of the case, such as novel and difficult questions or counsel's skill. *See Ketchum*, 24 Cal. 4th at 1132.

**DISCUSSION**

Plaintiff seeks $49,086.50 in attorney's fees and $1,409.80 in costs. (Mot. at 3.) Plaintiff also seeks $1,494.00 in fees for three hours spent on preparing the instant Motion for a total of $51,990.30 in fees and costs. (*Id.* at 5.)

In connection with the Motion, Plaintiff provides the declaration of its counsel (Norris Decl. (ECF No. 65-1)), a copy of the premium financing agreement (PFA (ECF No. 65-1)), a copy of its records reflecting attorney time billed with all narratives redacted, and an unredacted copy of the costs incurred (Costs (ECF No. 65-1)). Defendant provides the declaration of its counsel (Barella Decl. (ECF No. 75-2) in support of its Opposition. Defendant contends that the Motion should be denied in its entirety or reduced because Plaintiff provided billing records with the narratives

3

redacted.  (Opp'n at 1.)  Defendant also contends that Plaintiff's litigation tactics unreasonably prolonged the litigation.  (Opp'n at 5.)  Last, Defendant contends that some of Plaintiff's requested costs should be stricken because they exceed those permitted by statute.  (*Id.* at 6.)  With its Reply, Plaintiff provides the declaration of its counsel (Norris Reply Decl. (ECF No. 76-1).) and a mostly unredacted copy of its records reflecting attorney time billed for the matter (Invoice (ECF No. 76-1)).  Turning to the Sur-Reply, Defendant provides the declaration of counsel (Barella Sur-Reply Decl. (ECF No. 78)) and a notated copy of Plaintiff's billing records (Ex. A (ECF No. 78)).

## I.  Attorneys' Fees Provision

As described above, the Court must determine whether the parties' contract included the attorneys' fees provision, and if so, whether the requested fee is reasonable.  Under California Code of Civil Procedure section 1033.5(a)(10), attorneys' fees, when authorized by contract or statute, are allowable as costs.  *Active Props., LLC v. Cabrera*, 6 Cal. App. 5th Supp. 6, 14 (2016) (citation omitted).  As explained below, there is no meaningful dispute that Plaintiff's attorneys' fees are impliedly authorized by contract, pursuant to paragraph 8 of the premium financing agreement.  That provision provides in relevant part:

> 8. Default. Default occurs when: (i) Insured does not pay an installment when it is due . . .
>
> . . . .
>
> In the event of default Agile Premium Finance can demand agreement be paid in full regardless of whether unearned premium has been refunded.  Agile Premium Finance may take any action, not prohibited by law, to collect payment of any unpaid amounts due.  Insured agrees to pay all applicable cancellation charges, interest charges, collection costs and expenses incurred by Agile Premium Finance as a result of or in connection with enforcing its rights under this Agreement.

4

(PFA ¶ 8.)[1]  As Plaintiff has secured a judgment against Defendant in connection with Defendant's breach of contract of the premium financing agreement, it is the prevailing party within the meaning of California Civil Code section 1717, which provides, in part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."  Cal. Civ. Code ¶ 1717(a).  The question is whether the PFA specifically provides for attorneys' fees.  "A contract may impliedly as well as expressly permit recovery of attorney fees in the event of suit to enforce the contract."  *Jen-Mar Constr. Co. v. Brown*, 247 Cal. App. 2d 564, 573 (1967) (citation omitted).  The relevant language here is that "[Defendant] agrees to pay all applicable . . . collection costs and expenses incurred by [Plaintiff] as a result of or in connection with enforcing its rights under this Agreement."  (PFA ¶ 8.)  Both California and federal district courts have concluded that "costs" may include attorneys' fees.  *See, e.g.*, *Mastronardi Int'l Ltd. v. SunSelect Produce (Cal.), Inc.*, No. 1:18-cv-00737-AWI-JLT, 2019 WL 3996608, at *12 (E.D. Cal. Aug. 23, 2019) (finding contractual provision providing for recovery of "collection costs" to encompass litigation costs including attorneys' fees); *Pulse Tech. Consulting Grp., Inc. v. Skowron & Bunning LLP*, 108 Cal. App. 5th 824, 836–38 (2025) (finding *Mastronardi* instructive and construing contractual language of "costs" to be synonymous with "expenses" and to include attorneys' fees).  Applying this authority, the Court concludes paragraph 8 includes attorneys' fees in the "collection costs" and "expenses" that Defendant must now pay.[2]  Therefore, Plaintiff is entitled to payment of costs incurred, that is, attorney's fees, in enforcing its rights under the agreement.

---

[1]  On the face of the premium financing agreement ("PFA"), Agile Premium Finance is represented as "[a] [d]ivision of Valley National Bank."  (PFA at 7; Compl. ¶ 1.)

[2]  See also Black's Law Dictionary (12th ed. 2024) defining "cost," in part, as "[a]n expense incurred to achieve some end" and in the plural form, "[t]he expenses of litigation, prosecution, or other legal

## II.  Reasonable Hours

The Court next determines whether the fees requested are reasonable.  A party who requests attorneys' fees bears an initial burden to show "the fees it seeks are reasonable."  *Ctr. for Biological Diversity v. County of San Bernardino*, 188 Cal. App. 4th 603, 615 (2010) (citation omitted).  Courts are loath to second-guess a "winning lawyer's professional judgment as to how much time he was required to spend on the case."  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  But "padding in the form of inefficient or duplicative efforts is not subject to compensation."  *Ketchum*, 24 Cal. 4th at 1132 (cleaned up).  It is the opposing party's burden to show a requested fee is "excessive because too many hours or work are claimed."  *Premier Med. Mgmt., Inc. v. Cal. Ins. Guar. Ass'n*, 163 Cal. App. 4th 550, 564 (2008).  To carry this burden, it must point "to the specific items challenged, with a sufficient argument and citations to the evidence."  *Id.*

Plaintiff initially redacted its billing fee narratives in the moving papers, essentially foreclosing Defendant's ability to mount an effective opposition.  Plaintiff subsequently filed a mostly unredacted version of its billing records.  (*See* Reply.) Redactions, and relatedly, sealing records must meet a "good cause" standard for records attached to non-dispositive motions.  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  "Time entries on billing records may be redacted in rare instances, but they may not be sealed in a way that hides the amount of time or money spent on a particular task.  [Moving party] is not allowed to petition the Court for fees but hide from the public the basis for its request."  *Muench Photography, Inc. v. Pearson Educ., Inc.*, 2013 WL 6698465, at *3 (N.D. Cal. Dec. 18, 2013).  Plaintiff did not seek leave to redact its billing records or advance any argument in the moving papers explaining the decision to redact.  Plaintiff has not met the good cause standard to justify redaction of the remaining entries, belatedly offering that they

---

transaction, esp. those allowed in favor of one party against the other . . . [s]ome but not all states allow parties to claim attorney's fees as a litigation cost."

"have been redacted on grounds of privilege because they are protected from disclosure by the attorney-client privilege, attorney work-product doctrine and/or contain confidential settlement information." (Norris Reply Decl. ¶ 2.) Although the remaining redactions appear to be narrowly tailored, Plaintiff has not adequately explained how these redacted attorney billing narratives would reveal sensitive information or confidential litigation strategy. Accordingly, the sum of these remaining redacted hours will be stricken from Plaintiff's total hours requested. Where noted, some of the billing entries are reduced only to the extent of redacted hours claimed.

| Date | Attorney | Amount Billed | Redacted Hours |
|---|---|---|---|
| 10/29/2021 | Haworth, Gregory R. | $279.00 | .6 |
| 12/14/2021 | Norris, C. Todd | $139.50 | .3 |
| 12/31/2021 | Haworth, Gregory R. | $186.00 | .4[3] |
| 1/3/2022 | Haworth, Gregory R. | $48.10 | .1 |
| 1/4/2022 | Garcia, Michael R. | $336.70 | .7 |
| 2/11/2022 | Garcia, Michael R. | $865.80 | 1.8[4] |
| 8/23/2022 | Norris, C. Todd | $336.70 | .7 |
| 8/23/2022 | Norris, C. Todd | $384.80 | .8 |
| 10/28/2022 | Haworth, Gregory R. | $336.70 | .7 |
| 4/25/2024 | Norris, C. Todd | $199.20 | .4 |
| 6/18/2024 | Norris, C. Todd | $249.00 | .5 |
| 7/10/2024 | Norris, C. Todd | $199.20 | .4 |
| **SUM** | | | 7.4 hours |

[3] The total billed time for 12/31/2021 was .6 hours at $279, but only the section billed for .4 hours was redacted. The calculation is .4 times $279 divided by .6 equals $186.

[4] The total billed time for 2/11/2022 was 2.1 hours at $1010.10, but only the section billed for 1.8 hours was redacted. The calculation is 1.8 times $1010.10 divided by 2.1 equals $865.80.

In summary, Plaintiff's total hours requested, 93.5 hours, will be reduced by 7.4 hours.  The hours are further reduced by .2 hours on account of billing associated with Shannon Miller, who is not otherwise identified in the Motion.  The total deduction is 7.6 hours.

In the Sur-Reply, Defendant identifies several other categories of billing as duplicative and excessive, including multiple entries for drafting substantive motions, several entries responding to settlement, and billing related to internal communications between counsel.  (Barella Sur-Reply Decl. ¶¶ 6–11.)  In total, Defendant seeks reduction of Plaintiff's attorneys' fees by $25,800.  (*Id.* ¶ 11.)  The Court declines to reduce Plaintiff's billed hours as excessive or duplicative.  The remaining hours of 85.9 are reasonable as detailed hourly records support this finding.  *See, e.g., PLCM Grp.*, 22 Cal. 4th at 1096 n.4 (concluding that "maintaining contemporaneous records by . . . counsel of hours spent on a case involving a possible request for attorney fees would facilitate accurate calculation of the lodestar and minimize possible inaccuracies in reconstructing time spent on a matter months or even years after the fact"); *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 396 (2005) ("We think the verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous.").

**III. Reasonable Rate**

The Court next turns to Plaintiff's proposed hourly rate.  "[D]etermining an appropriate 'market rate' for the services of a lawyer is inherently difficult."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  To determine a reasonable rate, a court may refer to "[a]ffidavits of the . . . attorneys regarding prevailing fees in the community" and rates paid in other cases.  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Plaintiff's counsel, C. Todd Norris, requests a rate of $498 for himself but does not specify the rates for the remaining attorneys on the case, who have since retired or left the firm. (*See generally* Norris Decl. ¶¶ 18–24.) These attorneys' experience levels range from 6 to more than 30 years of experience. (*Id.*) Norris himself has 25 years of trial and litigation experience. (*Id.* ¶ 18.) The remaining biller is "experienced" paralegal Beth Gruppo who has an unknown number of years of experience. (*Id.* ¶ 23.) Notably, Defendant does not address Plaintiff's proposed rate in its Opposition, nor does Plaintiff cite to any cases showing that its rate is reasonable. The Court has conducted an independent survey and finds that the requested rate of $498 is reasonable for Norris's work, considering his experience level. *See, e.g.*, *AGK Sierra De Montserrat, L.P. V. Comerica Bank*, No. 2:15-cv-01280-DAD-SCR, 2025 WL 857346, at *15 (E.D. Cal. Mar. 19, 2025) (finding attorney rates ranging from $435 to $700 to be reasonable); *Sunbelt Rentals, Inc. v. Three Brothers Elec. Contractors, Inc.*, No. 1:21-cv-01357-JLT-SKO, 2023 WL 5103739, at *5 (collecting cases that find hourly rates from $200 to $750 to be reasonable in the Eastern District); *BMO Bank N.A. v. Cheema*, No. 1:24-cv-00634-SAB, 2024 WL 4357004, at *9 (E.D. Cal. Oct. 1, 2024) (same), *report and recommendation adopted*, No. 1:24-cv-00634-KES-SAB, 2024 WL 4873520 (E.D. Cal. Nov. 22, 2024). As to the remaining billers, however, the Court applies the following hourly rates consistent with their years of experience as reflected in the chart below.

As to the work of paralegal Beth Gruppo, Plaintiff's counsel notes only that she is "experienced." (Norris Decl. ¶ 23.) Because the Motion lacks more detailed information about her training and education, the Court applies a rate of $100 for her time. *Sunbelt Rentals*, 2023 WL 5103739, at *5 (surveying cases and applying rate of $100 where counsel fails to identify the education and training of paralegal).

////

////

////

9

| Legal Professional | Years of Experience | Rate | Time Billed | Lodestar |
| --- | --- | --- | --- | --- |
| C. Todd Norris | 25 | $498 | 11.4 | $5,677.20 |
| Gregory Haworth | 30 | $498 | 47 | $23,406 |
| Michael Garcia | 9 | $400 | 13.7 | $5,480 |
| Adrian Cadoppi | 6 | $350 | 13.3 | $4,655 |
| Beth Gruppo (paralegal) | Unknown | $100 | .5 | $50 |
| **SUM** | | | | $39,268.20 |

In summary, the lodestar calculation reflects the time billed (85.9 hours) by the revised hourly rates for a total lodestar of $39,268.20.  The Court also grants Plaintiff's request to add three hours billed for drafting the fee motion, which amounts to an additional $1,494.  *See Serrano v. Unruh*, 32 Cal. 3d 621, 635 (1982) ("Prevailing parties are compensated for hours reasonably spent on fee-related issues.").  The total amount of attorneys' fees awarded is $40,762.20.

The Court declines to apply a multiplier as the parties did not request one nor is one warranted.

**IV. Costs**

Plaintiff also seeks costs in the amount of $1,407.90.  (Mot. at 3.)  These costs include postage ($1.36), filing fees ($402), process server fees for service of summons and complaint ($317.20), research fees against a different truck company ($617.70), PACER fees ($1.00), and miscellaneous service fees ($68.64).  (*See generally* Costs.)

Unlike the issue of attorneys' fees, which are governed by state law, "the award of costs is governed by federal law under Rule 54(d)" as "a general proposition."  *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987); *United Cal. Bank v. THC Fin. Corp.*, 557 F.2d 1351, 1361 (9th Cir. 1977) (applying federal law as to costs and state law on the issue of attorneys' fees); *Bmo Harris Bank N.A. v. Singh*,

Case No. 1:16–cv–00482–DAD–SAB, 2016 WL 5798841, at *14 (E.D. Cal. Oct. 4, 2016) ("In a diversity action, federal not state law controls the issue of costs.").  Title 28 U.S.C. § 1920 "define[s] the full extent of a federal court's power to shift litigation costs absent express statutory authority."  *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579 (9th Cir. 2010) (citation omitted).  The costs that are taxable under section 1920 "are limited to relatively minor, incidental expenses," including "clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts."  *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012).  "Taxable costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Id.*  "It comes as little surprise, therefore, that costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit."  *Id.* (citation omitted).

Some of Plaintiff's requested costs are excessive.  Costs related to filing the action and serving Defendant are properly recoverable under section 1920.  *See, e.g.*, *Direct Connect Logistix, Inc. v. Road Kings Trucking Inc.*, No. 1:16-cv-01006-AWI-SKO, 2016 WL 6608924, at *10 (E.D. Cal. Nov. 9, 2016) ("The costs associated with filing this action and serving [Defendant] are properly recoverable by [the plaintiff].").  Thus, Plaintiff may recover as costs the $402 spent on filing fees and the $317.20 spent on process server fees to serve Defendant.  The remaining claimed costs are DENIED.  Postage, PACER fees, miscellaneous service fees, and computer research fees are not properly taxed as costs.  *See AMUR Equip. Fin., Inc. v. CHD Transport Inc.*, No 1:17-cv-00416-AWI-SKO, 2017 WL 5477379, at *13 (E.D. Cal. Nov. 15, 2017) (surveying cases and declining to award these categories as costs).

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 65) is GRANTED in part and DENIED in part:

1.  Plaintiff is entitled to attorneys' fees in the amount of $40,762.20; and

11

2. Plaintiff is entitled to costs in the amount of $719.20.  The remaining requested costs are DENIED.

IT IS SO ORDERED.

Dated:   **January 28, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE